Case 3:12-cr-0_52-LAB   Document 58   Filed 12/04_   Page 1 of 4

PROB 12C(D)
(11/96)

November 25, 2014
pacts id: (here II)

# UNITED STATES DISTRICT COURT
# FOR THE
# SOUTHERN DISTRICT OF CALIFORNIA

## Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** David Nicolas-Reyes (Spanish)

**Dkt No.:** 12CR02252-002-LAB

(M-15-1086-M)

**Reg. No.:** 31942-298

**Name of Sentencing Judicial Officer:** The Honorable Larry A. Burns, U.S. District Judge

**Original Offense:** 8 U.S.C. § 1326, a Class C felony

**Date of Sentence:** September 17, 2012

**Sentence:** 30 months' custody; 3 years' supervised release. *(Special Conditions Not reenter the United States illegally)*

**Type of Supervision:** Supervised Release

**Date Supervision Commenced:** June 18, 2014

**Asst. U.S. Atty.:** Carla J. Bressler

**Defense Counsel:** Jennifer L. Coon
(Appointed)
(619) 544-9200

**Prior Violation History:** None.

---

## PETITIONING THE COURT

### TO ISSUE A NO-BAIL BENCH WARRANT

The probation officer believes that the offender has violated the following condition(s) of supervision:

| CONDITION(S) | ALLEGATION(S) OF NONCOMPLIANCE |
|---|---|
| **(Mandatory Condition)**<br>Not commit another federal, state, or local crime. *(m-1)* | 1. On October 26, 2014, Mr. Nicolas-Reyes, a previously deported or removed alien, was found in the United States illegally, the conduct of which is in violation of 8 U.S.C. § 1326, as evidenced by the complaint filed in the U.S. District Court, Southern District of Texas (MaAllen Division), Dkt. No. M14-2085-M |

PROB 12C(D)
(11/96)

Defendant: David Nicolas-Reyes  November 25, 2014
Docket No.: 12CR02252-002-LAB  Page 2

*Grounds for Revocation*: As to allegation 1, I received and reviewed the complaint, filed in the U.S. District Court, Southern District of Texas, Dkt. No.: 14M2085-M, which confirms the following: On the above date, a U.S. Border Patrol Agent encountered Mr. Reyes-Nicolas near Encino, Texas. Upon questioning, the offender claims to have illegally crossed into the U.S. on October 21, 2014, near Hidalgo, Texas. Records revealed that the offender was deported from the United States on June 18, 2014.

As indicated in the probable cause statement in support of the complaint, the offender had not applied for nor had received permission from the Attorney General of the United States or the Secretary of the Department of Homeland Security, to lawfully enter the United States subsequent to removal.

**U.S. Probation Officer Recommendation:** A *warrant be issued for the offender to appear* and if found in violation, that supervised release be revoked and the offender be sentenced to 18 months' custody with no supervised release to follow, consecutive to any sentence he may be serving, pursuant to USSG §7B1.3(f), p.s. 3. (An Expanded Violation Worksheet, 12CW(d), has been attached for the Court's review.)

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on: November 25, 2014

Respectfully submitted:
DAVID J. SULTZBAUGH
CHIEF PROBATION OFFICER

by _____
Ann Treis
Senior United States Probation Officer
619-446-3828

Reviewed and approved:

_____
Sean Quintal
Supervising U.S. Probation Officer

PROB 12CW(d)
03/06

November 25, 2014

## EXPANDED VIOLATION WORKSHEET

1. **Defendant:** Nicolas-Reyes, David

2. **Docket No. (Year-Sequence-Defendant No.):** 12CR02252-002-LAB

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

| Violation(s) | Grade |
|---|---|
| Deported Alien Found in the U.S. | B |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))　　　　　　　　　　　　[ B ]

5. **Criminal History Category** (*See* USSG § 7B1.4(a))　　　　　　　　　　　　　　[ IV ]

6. **Statutory Maximum Term** (*Custody*) (*See* 18 U.S.C. § 3583(e)(3))
   Upon finding of a violation, the court may modify the conditions of supervision; extend the term if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. If the court revokes supervised release, the maximum term of imprisonment upon revocation is:　　　　　　　　　　　　　　　　　　　　　　　　　　[ 24 months ]

7. **Range of Imprisonment** (*Custody*) (See USSG § 7B1.4(a))
   A Grade B violation with a Criminal History Category IV establishes an imprisonment range of:　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　12-18 [months]

8. **Statutory Maximum Term** (*Supervised Release*) (See 18 U.S.C. § 3583(b))

   If supervised release is revoked and a term of imprisonment is imposed that is less than the maximum term of imprisonment imposable upon revocation, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment upon revocation. In this case, the court has the authority to reimpose a term of:　　　　　　　　　　　　　　　　　　　　　　[ 3 years ]

9. **Recommendation:**　　[18 months' custody, consecutive to any other sentence being served. *See* USSG § 7B1.3(f)- w/ no supervised release to follow　　　　　　　　　　　　　　]

PROB 12C(D)
(11/96)

Defendant: David Nicolas-Reyes  November 25, 2014
Docket No.: 12CR02252-002-LAB  Page 4

---

## THE COURT ORDERS:

__✓__ A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS.

(Currently detained in Federal custody in Mc Allen, Texas under Registration No. 31942-298)

_____ Other _____

_Larry A. Burns_  12-1-14
The Honorable Larry A. Burns  Date
U.S. District Judge

I hereby attest and certify on 12/4/14
That the foregoing document is a full, true and correct copy of the original on file in my office and in my legal custody.

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____ Deputy